IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, # AIS 148475, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv644-WHA |
| ) | (WO) |
| CYNTHIA D. STEWART, *et al*., ) | |
| ) | |
| Respondents. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

It is ORDERED that the Recommendation of the Magistrate Judge entered on December 11, 2013 (Doc. No. 8), be and is hereby WITHDRAWN.

This case is before the court on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Woodburck Noe ("Noe), a state inmate incarcerated at the J.O. Davis Correctional Facility in Atmore, Alabama. (Doc. No. 1.) Noe challenge the actions of the Alabama Department of Corrections ("ADOC") in designating his custody status as restrictive and seeks an order from this court directing ADOC officials to designate his custody status as minimum. (*See* Doc. Nos. 1 and 2.)

The claims presented by Noe are not cognizable in a federal habeas action. The central purpose of the writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In contrast, an action pursuant to 42 U.S.C. § 1983

is appropriate for a state prisoner challenging the conditions of prison life, but not the fact or length of the custody. *Id*. at 499. Noe's challenge to his custody classification by ADOC officials is a challenge to the conditions of his confinement. Consequently, this court construes Noe's self-styled application for a writ of habeas corpus as a civil rights action under 42 U.S.C. § 1983.

In connection with his complaint, Noe filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. No. 3; *see also* Doc. No. 6.) However, pursuant to 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Noe, while incarcerated, has on at least seven previous occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera*, but only to the extent *Rivera* required an inmate to plead exhaustion of remedies in his complaint, as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows: (1) *Noe v. McGraw*, Civil Action No. 2:95cv1195-MHT (M.D. Ala. 1995); (2) *Noe v. James*, Civil Action No. 2:94cv928-MHT (M.D. Ala. 1994); (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94cv86-WHA (M.D. Ala. 1994); (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92cv1350-WHA (M.D. Ala. 1992); (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92cv977-ID (M.D. Ala. 1992); (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92cv711-TMH (M.D. Ala. 1992); and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92cv565-TMH (M.D. Ala. 1992).[2]

In the complaint now before the court, Noe maintains that ADOC officials have violated his constitutional rights by designating his custody status as restrictive. (Doc. Nos. 1 and 2.) The allegations made the basis of this complaint fail to demonstrate that Noe was "under imminent danger of serious physical injury" at the time he filed this complaint, as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed in forma pauperis must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

The court therefore concludes that Noe's motion for leave to proceed *in forma pauperis* should be denied and this case dismissed without prejudice for Noe's failure to pay

---

[2] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Noe (Doc. Nos. 3 and 6) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Noe's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before **January 7, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of December, 2013.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE